FILED - USDC - NDTX - SA
APR 10 '25 PM 12:59

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

SAN ANGELO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Crim No. 6:99-cr-00010-H-BU-1 |
| JAMES SLAUGHTER, | § § | |
| Defendant. | § | |

### SUPPLEMENTAL MOTION TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) AND FIRST STEP ACT OF 2018

COMES Defendant, JAMES SLAUGHTER ("Slaughter"), appearing *pro se,* and in connection with his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and First Step Act of 2018, Slaughter writes to supplement and in support of this memorandum would show as follows:

### A.    The Changes in Relevant Law Is Extraordinary and Compelling Circumstances That Warrants Release.

The United States Sentencing Commission's amendments to the federal sentencing guidelines became effective on November 1, 2024. These amendments, submitted to Congress on April 30, 2024, encompass various changes to the guidelines, policy statements, and commentary.

1

This amendment revises §1B1.3 (Relevant Conduct (Factors that Determine the Guideline Range)) to exclude acquitted conduct from the scope of relevant conduct used in calculating a sentence range under the federal guidelines. Acquitted conduct is unique, and this amendment does not comment on the use of uncharged, dismissed, or other relevant conduct as defined in §1B1.3 for purposes of calculating the guideline range.

Previously, federal judges had been permitted to consider acquitted conduct (ie., conduct for which a jury had voted not guilty but nonetheless were given weight by judges when handing down a sentence if the individual had been convicted of other crimes). Judges had been allowed to do so because while juries must consider whether a criminal charge is proven beyond a reasonable doubt, judges at sentencing may consider whether facts are proven based on a preponderance of the evidence, a lower standard of proof.

The U.S. Department of Justice opposed barring the practice, citing the potential for split or inconsistent verdicts or acquittals on technical grounds, like jurisdiction. It also said an acquittal did not mean someone was innocent, just that there was reasonable doubt as to someone's guilt, and that an amendment "could result in sentences that fail to account for a criminal defendant's full range of conduct."

2

The use of acquitted conduct to increase a defendant's sentence has been a persistent concern for many within the criminal justice system and the subject of robust debate over the past several years. A number of jurists, including current and past Supreme Court Justices, have urged reconsideration of acquitted-conduct sentencing. See, e.g., *McClinton v. United States*, 143 S. Ct. 2400, 2401 & n.2 (2023) (Sotomayor, J., Statement respecting the denial of certiorari) (collecting cases and statements opposing acquitted-conduct sentencing). In denying certiorari last year in *McClinton*, multiple Justices suggested that it would be appropriate for the Commission to resolve the question of how acquitted conduct is considered under the guidelines. See id. at 2402–03; *id.* at 2403 (Kavanaugh, J., joined by Gorsuch, J. and Barrett, J., Statement respecting the denial of certiorari), but see id. (Alito, J., concurring in the denial of certiorari). Many states have prohibited consideration of acquitted conduct. See *id.* at 2401 n.2 (collecting cases). And, currently, Congress is considering bills to prohibit its consideration at sentencing, with bipartisan support. See Prohibiting Punishment of Acquitted Conduct Act of 2023, S. 2788, 118th Cong. (1st Sess. 2023); Prohibiting Punishment of Acquitted Conduct Act of 2023, H.R. 5430, 118th Cong. (1st Sess. 2023).

First, the amendment revises §1B1.3 by adding new subsection (c), which provides that "[r]elevant conduct does not include conduct for which the defendant

was criminally charged and acquitted in federal court unless such conduct also establishes, in whole or in part, the instant offense of conviction." This rule seeks to promote respect for the law, which is a statutory obligation of the Commission. See 28 U.S.C § 994(a)(2); *id.* § 991(b)(1)(A) & (B); 18 U.S.C. § 3553(a)(2).

This amendment seeks to promote respect for the law by addressing some of the concerns that numerous commenters have raised about acquitted-conduct sentencing, including those involving the "perceived fairness" of the criminal justice system. *McClinton*, 143 S. Ct. at 2401 (Sotomayor, J., Statement respecting the denial of certiorari). Some commenters were concerned that consideration of acquitted conduct to increase the guideline range undermines the historical role of the jury and diminishes "the public's perception that justice is being done, a concern that is vital to the legitimacy of the criminal justice system." *McClinton*, 143 S. Ct. at 2402–03 (Sotomayor, J., Statement respecting the denial of certiorari); see *United States v. Settles*, 530 F.3d 920, 924 (D.C. Cir. 2008) (expressing concern that "using acquitted conduct to increase a defendant's sentence undermines respect for the law and the jury system"). They argue that consideration of acquitted conduct at sentencing contributes to the erosion of the jury-trial right and enlarges the already formidable power of the government, reasoning that defendants who choose to put the government to its proof "face all the risks of conviction, with no practical upside to

4

acquittal unless they . . . are absolved of all charges." *United States v. Bell*, 808 F.3d 926, 932 (D.C. Cir. 2015) (Millett, J., concurring in the denial of reh'g en banc). For these reasons, "acquittals have long been 'accorded special weight,' distinguishing them from conduct that was never charged and passed upon by a jury," *McClinton*, 143 S. Ct. at 2402 (Sotomayor, J., Statement respecting the denial of certiorari (quoting *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980))) and viewed as "inviolate," *McElrath v. Georgia*, 601 U.S. 87, 94 (2024).

Second, the amendment adds new Application Note 10 to §1B1.3(c), which instructs that in "cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction . . . , the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct." The amendment thus clarifies that while "acquitted conduct" cannot be considered in determining the guideline range, any conduct that establishes—in whole or in part—the instant offense of conviction is properly considered, even as relevant conduct and even if that same conduct also underlies a charge of which the defendant has been acquitted. During the amendment cycle, commenters raised questions about how a court would be able to parse out acquitted conduct in a variety of specific scenarios, including those involving "linked or related charges" or "overlapping conduct" (e.g., conspiracy

counts in conjunction with substantive counts or obstruction of justice counts in conjunction with substantive civil rights counts). Commission data demonstrate that cases involving acquitted conduct will be rare. In fiscal year 2022, of 62,529 sentenced individuals, 1,613 were convicted and sentenced after a trial (2.5% of all sentenced individuals), and of those, only 286 (0.4% of all sentenced individuals) were acquitted of at least one offense or found guilty of only a lesser included offense.

The amendment limits the scope of "acquitted conduct" to only those charges of which the defendant has been acquitted in federal court. This limitation reflects the principles of the dual-sovereignty doctrine and responds to concerns about administrability. The chief concern regarding administrability raised by commenters throughout the amendment cycle was whether courts would be able to parse acquitted conduct from convicted conduct in cases in which some conduct relates to both the acquitted and convicted counts. The Commission appreciates that federal courts may have greater difficulty making this determination if it involves proceedings that occurred in another jurisdiction and at different times.

In this case, after the trial jury found Slaughter guilty on Counts 1, 4, 13, and 17, not guilty on Count 9, and was unable to reach a verdict on Count 24, the Government subsequently dismissed Count 24, and the Court accepted the verdict on

the remaining counts (See Doc. 154). Despite this, the Court imposed an excessive sentence on Slaughter, potentially considering acquitted conduct or other unproven allegations in determining his sentencing range.

It is essential to highlight that Slaughter has consistently sought to have his plea for Acquittal Conduct recognized before this Court. The documents currently being submitted represent his repeated attempts to present this argument, each time being denied. Slaughter insists that Acquittal Conduct should be the plea presented, particularly in light of the new U.S. Sentencing Guideline Amendment to §1B1.3, which explicitly excludes acquitted conduct from the scope of relevant conduct used in sentencing calculations.

The amendment to §1B1.3, effective November 1, 2024, establishes that acquitted conduct—charges for which a defendant was found not guilty—can no longer be used to increase a defendant's sentencing range under the federal guidelines. While prior sentencing practices permitted courts to consider such conduct, this amendment reaffirms the fundamental principle that a defendant cannot be punished for allegations that a jury has rejected.

In Slaughter's case, the fact that he was acquitted on Count 9 and Count 24 was dismissed should mean that neither count plays any role in determining his sentencing range. This Court considered these charges or any related unproven allegations in

7

sentencing, thus, it directly contradicted the newly established guidelines and violated the due process protections afforded under this amendment.

Given this significant change in federal sentencing law, Slaughter respectfully requests a review and reconsideration of his sentence in accordance with the updated §1B1.3 amendment. The exclusion of acquitted conduct from sentencing calculations should be applied to his case, ensuring that his sentence reflects only the conduct for which he was lawfully convicted, not dismissed or acquitted charges.

Slaughter reiterates his position that his plea for Acquittal Conduct be recognized and that the Court adheres to the newly established sentencing guidelines, which now prohibit the consideration of acquitted conduct in determining sentencing outcomes.

Accordingly, Slaughter's motion should be granted.

Respectfully submitted,

Dated: March 31, 2025.

_____
JAMES SLAUGHTER
REG. NO. 32675-077
FCI THREE RIVERS
FEDERAL CORR. INSTITUTION
P.O. BOX 4200
THREE RIVERS, TX 78071
Appearing *Pro Se*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, a true and correct copy of the above and foregoing Supplemental Motion to Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and First Step Act of 2018, was sent via U. S. Mail, postage prepaid, Jeffrey R Haag-DOJ, Assistant U.S. Attorney at U.S. Attorney's Office, 1205 Texas Ave., 7th Floor, Lubbock, TX 79401.


_____
JAMES SLAUGHTER

9

Case 6:99-cr-00010-H-BU    Document 373    Filed 04/10/25    Page 10 of 10    PageID 2414

James Slaughter 32675-077
United State Federal Pantianur
SHU-201    Correction Institution
P.O. Box 4260
Three Rivers Tx. 78071

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
5 APR 2025    PM 3    L

LOVE    FREEDOM    forever usa    forever usa    FREEDOM

X-RAY

U.S. District court
Norther Distris
33 E Twohing Ave 203
San Anglo Tx. 76903-6451

RECEIVED
APR 10 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Legal Mail

76903-645152

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING
TO YOU. THE LETTER HAS BEEN NEITHER OPENED
NOR INSPECTED. IF THE WRITER RAISES A QUESTION
OR PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO
ANOTHER ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE ADDRESS.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 4000
THREE RIVERS, TEXAS 78071 DATE 4-3-25